# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL VEYSADA, #02451-424, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 17-cv-0485-SMY |
| ) | |
| B. TRUE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Michael Veysada, an inmate in the Bureau of Prisons, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on May 9, 2017. (Doc. 1). Veysada was sentenced to 188 months imprisonment in 2010 after pleading guilty to two counts of bank robbery by force or violence in violation of 18 U.S.C. § 2113(a). *United States v. Michael Veysada*, No. 09-cr-0697, Doc. 33 (N.D. Ill. May 5, 2010). His sentence was enhanced after the sentencing judge found him to be a career offender under U.S.S.G. § 4B1.1, based on three prior felony convictions for crimes of violence – two separate bank robbery convictions in 1992, and a 2003 bank robbery conviction, all in violation of 18 U.S.C. § 2113(a).

Veysada now invokes *Mathis v. United States*, – U.S. –, 136 S. Ct. 2243 (2016) to challenge his designation as a career offender based on the prior bank robbery convictions and contends he is entitled to be resentenced without that designation. Specifically, Veysada argues that bank robbery as defined by 18 U.S.C. § 2113(a) criminalizes more behavior than the generic definition of robbery under federal law, and that § 2113(a)'s criminalization of bank robbery "by force and violence, or by intimidation," does not meet the definition of a "crime of violence" under the

1

Sentencing Guidelines because it does not require "violent force" to sustain a conviction. (Doc. 1, pp. 7–9).

Respondent opposes issuance of the Writ on several grounds. Respondent first argues that Veysada cannot satisfy the requirements of § 2255(e)'s savings clause because his argument was not foreclosed by binding precedent before *Mathis* was decided and his alleged harm cannot be deemed a "miscarriage of justice" because his sentence fell within the statutory maximum penalty for his crimes of conviction notwithstanding his career offender designation. (Doc. 10, pp. 4–10). Respondent further argues that Veysada procedurally defaulted his current habeas claim by failing to raise it on direct appeal. (*Id*. at pp. 11–14). Finally, Respondent argues that Veysada's claim fails on the merits because his prior bank robbery convictions meet the Sentencing Guidelines' definition of "crime of violence" as they both (1) have as an element the use, attempted use, or threatened use of physical force, and (2) fit the generic definition of robbery in the enumerated clause of U.S.S.G. § 4B1.2(a)(2). (*Id*. at pp. 14–18). Veysada replied to Respondent's response. (Doc. 14).

This matter is now ripe for resolution. For the reasons discussed below, Veysada's § 2241 Petition (Doc. 1) will be **DENIED**.

## Procedural History and Relevant Facts

Veysada pleaded guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a) on December 11, 2009. *United States v. Michael Veysada*, Case No. 09-cr-0697, Docs. 23, 24 (N.D. Ill. December 11, 2009). He entered into a formal plea greement in which he agreed that he was properly considered a career offender under U.S.S.G. § 4B1.1(a) due to his three prior federal bank robbery convictions in 1992 and 2003. *Id*. at Doc. 24, pp. 9, 12–14. He also acknowledged in the Plea Agreement that each bank robbery count carried maximum sentences of 20 years (240

months) imprisonment. *Id*. at p. 6; 18 U.S.C. § 2113(a). Veysada did not object to the Plea Agreement or sentencing proceedings and was sentenced to 188 months imprisonment on May 5, 2010. *United States v. Michael Veysada*, No. 09-cr-0697, Doc. 33 (N.D. Ill. May 5, 2010).

Veysada did not file a direct appeal. He did, however, file a motion under 28 U.S.C. § 2255 in the Northern District of Illinois seeking to be resentenced without the career offender designation. *United States v. Veysada*, Case No. 16-cv-9090, Doc. 1 (N.D. Ill. September 19, 2016). His § 2255 motion raised arguments similar to those in his Petition in this case, but invoked *Descamps v. United States*, 570 U.S. 254 (2013) instead of *Mathis*. Veysada's § 2255 motion was not ruled on by the Northern District of Illinois because he voluntarily withdrew it on March 16, 2017. *Id*. at Doc. 3.

## **Applicable Legal Standards**

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are instead limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Aside from the direct appeal process, a § 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner is generally limited to *one* challenge of his conviction and sentence under § 2255. A prisoner may not file a "second or successive" § 2255 motion unless a panel of the appropriate court of appeals certifies that such motion either 1) contains newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) invokes "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

3

Under very limited circumstances, however, it is possible for a prisoner to challenge his federal conviction or sentence under § 2241. 28 U.S.C. § 2255(e) contains a "savings clause" under which a federal prisoner can file a § 2241 petition when the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

Following *Davenport*, a petitioner must meet three conditions to trigger the savings clause. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). In other words, something more than a lack of success with a Section 2255 motion must exist before the savings clause is satisfied." *See Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

## **Analysis**

Veysada argues that *Mathis v. United States*, – U.S. –, 136 S. Ct. 2243 (2016) dictates that his prior felony bank robbery convictions under 18 U.S.C. § 2113(a) do not qualify as predicate crimes of violence for purposes of the career offender enhancement found in the Sentencing Guidelines. (Doc. 1, pp. 6–11). Before reaching the merits of this argument, the Court must first

consider whether Veysada's claim can be brought within the narrow scope § 2255's savings clause. The Court agrees with Respondent that Veysada cannot demonstrate the existence of a fundamental defect in his conviction or sentence that is grave enough to be deemed a miscarriage of justice, and thus he cannot satisfy the requirements of Section 2255(e)'s savings clause to bring his *Mathis* claim in a § 2241 petition.

Some errors can be raised on direct appeal but not in a collateral attack by a § 2255 motion or a § 2241 motion. In the Seventh Circuit, a claim that a defendant was erroneously treated as a career offender under the advisory Sentencing Guidelines is one such claim. *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), *supplemented on denial of rehearing*, 724 F.3d 915 (7th Cir. 2013); *see also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) ("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for [Section] 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.").

The Sentencing Guidelines have been advisory since the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). *Perry v. United States*, 877 F.3d 751, 754 (7th Cir. 2017). Veysada was sentenced in 2010, well after the *Booker* decision. While the parties' anticipated advisory sentencing guidelines range acknowledged in Veysada's Plea Agreement was calculated as 151-188 months imprisonment based in part on Veysada's designation as a career offender under U.S.S.G. § 4B1.1(a), his applicable statutory sentencing range was 0–20 years, pursuant to 18 U.S.C. § 2113(a). *United States v. Michael Veysada*, Case No. 09-cr-0697, Doc. 24, p. 15 (N.D. Ill. Dec. 11, 2009). Thus, Veysada's 188-month sentence fell below the statutory maximum.

Veysada argues that he could not have brought his claim within a year of his final conviction in 2010 because the argument he raises was foreclosed to him until after *Mathis* was decided in 2016. Even assuming, *arguendo*, that the first and second *Davenport* criteria have been met,[1] *Hawkins* dictates that an erroneous application of the advisory guidelines does not amount to a "miscarriage of justice" (the third *Davenport* factor) so long as the sentence is within the applicable statutory limit. Therefore, Veysada's Petition does not meet the criteria to bring his claim within § 2255(e)'s savings clause.

In short, there is no meaningful way to distinguish *Hawkins* from this case. The issue in *Hawkins* was the same as the issue raised by Veysada: the use of prior convictions that would allegedly no longer qualify as predicates for the career offender guideline enhancement under current law. In its supplemental opinion on denial of rehearing in *Hawkins*, the Seventh Circuit summarized its holding: "an error in calculating a defendant's guidelines sentencing range does not justify postconviction relief unless the defendant had . . . been sentenced in the pre-*Booker* era, when the guidelines were mandatory rather than merely advisory." *Hawkins*, 724 F.3d at 916 (internal citations omitted). *Hawkins* remains binding precedent in this Circuit. Accordingly, Veysada's Petition must be dismissed.

Even if Veysada's claim met the *Davenport* requirements and satisfied § 2255's savings clause, it would fail on the merits. Veysada relies on *Mathis v. United States* to argue that 18 U.S.C. § 2113(a) does not have as an element the use, attempted use, or threatened use of physical

---

[1] Because *Hawkins* dictates that Veysada cannot possibly satisfy *Davenport*'s "miscarriage of justice" factor, which is dispositive of his Petition, the Court need not decide whether Veysada has satisfied the other two *Davenport* factors.

6

force against the person of another.² (Doc. 1, pp. 8–11).  However, this argument also runs afoul of binding Seventh Circuit precedent.

*Mathis* reaffirmed and clarified longstanding Supreme Court precedent that began with *Taylor v. United States*, 495 U.S. 575, 598 (1990) and established that, in determining whether a prior crime counts as a predicate crime of violence for purposes of an ACCA sentencing enhancement,³ a court must take a "categorical approach," looking *not* to the facts of the prior crime but to the statutory elements of the prior conviction.  *Mathis*, 136 S. Ct. at 2248.  A prior crime qualifies as a predicate "if its elements are the same as, or narrower than, those of the generic offense."  *Mathis*, 136 S. Ct. at 2247.  The *Mathis* and *Taylor* categorical approach is also used to determine whether a statute of prior conviction "has as an element the use, attempted use, or threatened use of physical force against the person of another[.]"  *See United States v. Ker Yang*, 799 F.3d 750, 772–53 (7th Cir. 2015) (citing *Descamps v. United States*, 570 U.S. 254 (2013); *Taylor*, 495 U.S. at 600).

The Sentencing Guidelines define a "crime of violence" as:

(a)  any offense under federal or state law . . . that—

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another[.]

U.S.S.G. § 4B1.2(a)(1).  The statute of conviction for Veysada's prior bank robbery convictions was 18 U.S.C. § 2113(a), which reads in relevant part:

---

² Because the question of whether 18 U.S.C. § 2113(a) meets the elements clause of the Sentencing Guidelines is dispositive to Veysada's Petition, the Court need not reach Veysada's additional arguments that his prior federal bank robbery convictions do not match the generic definition of robbery referred to in the Guidelines.  (Doc. 1, pp. 6–8).

³ The Seventh Circuit interprets the ACCA and the Sentencing Guidelines in the same way due to the identical language used by both. *See, e.g.*, *United States v. Templeton*, 543 F.3d 378, 380 (7th Cir. 2008) (citing *United States v. Upton*, 512 F.3d 394, 404 (7th Cir. 2008); *United States v. Howze*, 343 F.3d 919, 924 (7th Cir. 2003)).

> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . . [s]hall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(a).

Veysada argues that Section 2113(a) criminalizes "intimidation," which would "require[] no actual or attempted force" to be proven to obtain a conviction. (Doc. 1, p. 8). He also argues that while Section 2113(a) "does include 'force and violence'" in its text, "federal bank robbery may also be committed through 'intimidation' which requires no actual or attempted force." (*Id*.). But the Seventh Circuit came to the opposite conclusion in *United States v. Armour*, 840 F.3d 904, 908 (7th Cir. 2016).

In *Armour*, the Court held that a bank robbery conviction under 18 U.S.C. § 2113(a) "satisfies the elements clause of the definition of [a] 'crime of violence'" under the ACCA. *Id*. Like Veysada, the *Armour* petitioner argued that because Section 2113(a) distinguished between robbery by "intimidation" and robbery "by force or violence," robbery by "intimidation" does not qualify as a crime of violence. *Id*. at 908–09. In rejecting that argument, the Court noted that "[i]ntimidation means the threat of force," *id*. at 909 (citing *United States v. Jones*, 932 F.2d 624, 625 (7th Cir. 1991)), and reaffirmed prior Seventh Circuit case law holding that "[a] defendant properly convicted of bank robbery is guilty per se of a crime of violence." *Id*. Although there is a minimum threshold of violent force necessary for a conviction to be considered a crime of violence, *see Johnson v. United States*, 559 U.S. 133, 143 (2010), "[t]his low threshold of violent force is necessarily satisfied in attempted bank robbery by intimidation [pursuant to Section 2113(a)]." *Id*.

8

Veysada's argument relies on the analysis described in *Mathis* and citations to non-binding precedent including, *United States v. Parnell*, 818 F.3d 974, 980 (9th Cir. 2016) (finding that Massachusetts statute that criminalized "a mere uncommunicated willingness or readiness to use [physical] force" did not require "the actual, attempted or *threatened* use of physical force" necessary to be considered a violent felony under the ACCA), and a 2016 Order from the Western District of Washington finding that 18 U.S.C. § 2113(a) is not a crime of violence under the Sentencing Guidelines. *Doriety v. United States*, Case No. 16-cv-0924-JCC, Doc. 12 (W.D. Wash. Nov. 10, 2016).

The *Doriety* Order has since been vacated by that court. *See Doriety*, Case No. 16-cv-0924-JCC at Doc. 22 (W.D. Wash. Mar. 27, 2017). *Parnell* is easily distinguishable because it analyzed a Massachusetts armed robbery statute that allowed a defendant to "be convicted of robbery without using violence or intimidation of any sort," 818 F.3d at 982 (Watford, J., concurring), not the federal bank robbery statute. Any argument that *Parnell*'s rationale would find 18 U.S.C. § 2113(a)'s intimidation element insufficient to qualify it as a crime of violence is foreclosed by Seventh Circuit precedent, which is binding on this Court. *See Jones*, 932 F.2d at 625; *Armour*, 840 F.3d at 909 ("[R]obbery by intimidation under [18 U.S.C.] § 2113(a) . . . ha[s] as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]"). Accordingly, Veysada's Petition will be denied.

## Conclusion

For the previously-stated reasons, Veysada's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **DENIED** and this action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

9

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED: June 10, 2019**

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**